974 So.2d 967 (2007)
Ex parte METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and Charlie E. Hardy.
(In re Fred D. Gray
v.
Metropolitan Property and Casualty Insurance Company and Charlie E. Hardy).
1060767.
Supreme Court of Alabama.
June 1, 2007.
Ralph D. Gaines, Daniel S. Wolter, and Davis A. Barlow of Gaines, Wolter & Kinney, Birmingham, for petitioners.
Stanley F. Gray of Gray, Langford, Sapp, McGowan, Gray & Nathanson, Tuskegee, for respondent.
LYONS, Justice.
Metropolitan Property and Casualty Insurance Company and its agent, Charlie E. Hardy, petition this Court for a writ of mandamus directing the state court to vacate its order denying their motion to dismiss the complaint of Fred D. Gray or, alternatively, to stay the state-court proceedings pending resolution of a declaratory-judgment action filed by Metropolitan against Gray in the United States District Court for the Middle District of Alabama. We deny the petition.

I. Facts and Procedural Background
Hardy sold Gray a Metropolitan homeowner's insurance policy that covered Gray's residence in Tuskegee and specified personal property for the period beginning on December 7, 2003, and ending on December 7, 2004. On February 10, 2004, a fire occurred at Gray's law office in Tuskegee, and he filed a claim with Metropolitan *969 under his homeowner's policy, seeking the policy limits of $282,520. Gray contended that the personal-property provision of his homeowner's policy covered the personal property he lost in the fire at his office. Metropolitan disputed coverage and on March 16, 2006, filed an action in federal court seeking a judgment declaring that the loss was not covered by Gray's homeowner's policy. On March 23, 2006, Gray sued Metropolitan and Hardy (hereinafter "the insurer and its agent") in the Macon Circuit Court ("the state court"), alleging breach of contract, bad-faith failure to pay, negligence and/or wantonness, and fraud. The insurer and its agent filed with the Macon Circuit Court a motion to dismiss the complaint or, in the alternative, to stay the state-court proceedings pending the resolution of the federal-court action. The insurer and its agent contended that the obligations imposed by Rule 13(a), Fed. R.Civ.P. ("Compulsory Counterclaims"), mandated dismissal or stay of the subsequently filed state-court action.
Although the insurer and its agent did not cite § 6-5-440, Ala. Code 1975,[1] in the motion to dismiss filed in the state court, they cited Ex parte Canal Insurance Co., 534 So.2d 582, 583 (Ala.1988), in which this Court applied § 6-5-440 in tandem with Rule 13(a), Fed.R.Civ.P., to order the dismissal of a state-court action filed after a federal-court action. We treat the motion filed in the state court by the insurer and its agent as sufficient to invoke the statutory defense of a prior pending action, despite the absence of any reference to § 6-5-440 in the motion. The state court denied the motion; the insurer and its agent then filed this petition, relying, among other things, on § 6-5-440, in seeking a writ of mandamus directing the trial court to vacate its order denying the motion to dismiss or, alternatively, to stay the proceedings pending resolution of the federal-court action.

II. Standard of Review
When the facts underlying a motion filed pursuant to § 6-5-440 are undisputed, as is the case here, our review of the application of the law to the facts is de novo. Greene v. Town of Cedar Bluff, 965 So.2d 773, 779 (Ala.2007).

III. Analysis

1. Applicability of Writ of Mandamus
The insurer and its agent have invoked the writ of mandamus as the procedural vehicle by which to seek review of the state court's order denying their motion based upon the doctrine of prior pending action. See, e.g., Ex parte Canal Ins. Co., 534 So.2d at 583, and Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 851 (Ala.1999). With respect to the writ of mandamus, we stated in Ex parte Cincinnati Insurance Cos., 806 So.2d 376, 379 (Ala.2001):
"The writ of mandamus is an extraordinary writ; one petitioning for it must show (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) the properly invoked jurisdiction of the court. Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 851 (Ala.1999)."

*970 2. The Effect of the Federal-Court Action

The insurer and its agent contend that under Rule 13(a), Fed.R.Civ.P., Rule 13(a), the matters made the basis of the state-court action are compulsory counterclaims in the federal-court action. Rule 13(a) provides:
"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of (a) serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."
The insurer and its agent rely on Cincinnati Insurance, which deals with the substantially similar Rule 13(a), Ala. R. Civ. P., and in which we stated: "The purpose of Rule 13[, Ala. R. Civ. P.,] `is to avoid circuity of actions and to enable the court to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims that arose from a single transaction or occurrence.'" 806 So.2d at 379 (quoting Grow Group, Inc. v. Industrial Corrosion Control, Inc., 601 So.2d 934, 936 (Ala.1992), and citing 6 Charles Alan Wright et al., Federal Practice and Procedure: Civil § 1409 (2d ed.1990)).
In Cincinnati Insurance, the plaintiff in the state-court action asserted claims that arose out of the same nucleus of operative facts as was involved in a previously filed declaratory-judgment action in the federal court. After a judgment had been entered in the federal-court action without the state-court plaintiff's having asserted a counterclaim in the federal court, the defendant in the state court unsuccessfully sought dismissal of the state-court action. We granted the defendant's petition of a writ of mandamus and issued the writ, holding, independently of § 6-5-440, that the state-court action was barred by the implicit prohibition derived from the mandatory terms of Rule 13, Fed.R.Civ.P., against the subsequent assertion of claims that should have been set forth as compulsory counterclaims in a concluded prior proceeding in the federal court. Because the federal-court action here has not been reduced to a judgment, we lay aside Cincinnati Insurance as not on point.
The insurer and its agent also rely upon Ex parte Canal Insurance Co., supra, in which this Court held:
"Since the matter raised in the state court complaint constitutes a compulsory counterclaim in the federal court action that was pending at the time the state court action was commenced, the statute [§ 6-5-440] compels dismissal of the state court action."
534 So.2d at 585. In Ex parte Breman Lake View Resort, L.P., this Court described the interplay between a procedural rule requiring service of compulsory counterclaims and § 6-5-440, as follows:
"This Court has held that the obligation imposed on a defendant under Rule 13(a), Ala. R. Civ. P., to assert compulsory counterclaims, when read in conjunction with § 6-5-440, Ala.Code 1975, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a *971 compulsory counterclaim in the first action a `plaintiff' in that action (for purposes of § 6-5-440) as of the time of its commencement."
729 So.2d at 851.
Gray does not contend that the matters made the basis of the state-court action are so factually disparate as not to arise out of the transaction or occurrence that is the subject matter of Metropolitan's federal-court action. Instead, Gray contends, among other things, that a jurisdictional defect prevents the assertion of the claim he now asserts in the state-court action as a compulsory counterclaim in the federal-court action. We deal with this potentially dispositive issue first.
Gray argues that the prospect for joinder of Hardy as an additional defendant on any counterclaim he might file in the federal-court action would destroy diversity of citizenship necessary for federal-court jurisdiction and that, therefore, his claim is not a compulsory counterclaim. Gray cites no authority for this proposition. In fact, the settled law is to the contrary. See 6 Charles Alan Wright et al., Federal Practice and Procedure § 1436 (2d ed. 1990) ("It generally has been held that persons brought into an action under Rule 13(h) as parties to either a compulsory counterclaim under Rule 13(a) or a cross-claim under Rule 13(g) will come under the ancillary subject matter jurisdiction of the court.").
Gray also contends that the federal court had not assumed jurisdiction over this action as of the time he filed the state-court action, thus rendering Canal Insurance inapplicable. Gray points out critical facts omitted from the insurer and its agent's petition. Metropolitan's complaint in the federal court not only failed to allege Metropolitan's principal place of business, but it also failed to allege the citizenship of Gray, alleging only his residence. Moreover, attached to Gray's response to the petition is an order entered sua sponte in the federal-court action on April 6, 2006, stating:
"The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. 1332."
The federal court gave Metropolitan the opportunity to amend its complaint, and the materials before us reflect that Metropolitan filed a timely amendment correcting the defects but that that amended complaint was filed several days after commencement of the state-court action.
We agree with Gray that a determination that the federal-court action was pending at the time of the commencement of the state-court action is essential to the reliance by the insurer and its agent on Canal Insurance. The federal court's finding that the allegations of Metropolitan's original complaint were "insufficient to invoke this court's jurisdiction under 28 U.S.C. 1332" calls into question the existence of the essential prerequisite of priority of the federal-court action. However, the insurer and its agent have not given us any argument or authority (a) as to whether Metropolitan's amended complaint relates back to the date of filing of the initial complaint and, if so, (b) whether the "legal fiction"[2] of relation back should apply in *972 the context of proceedings in which a party invokes § 6-5-440.
The burden of establishing a clear legal right to the relief sought rests with the petitioner. Cincinnati Insurance, 806 So.2d at 379. It is not this Court's function to do independent research to determine whether a petitioner for a writ of mandamus has established a clear legal right. In Ex parte Showers, 812 So.2d 277, 281 (Ala.2001), this Court stated:
"Rule 21(a), Ala. R.App. P., requires that a petition to an appellate court for the writ of mandamus `shall contain . . . a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.' (Emphasis added.) Similarly, Rule 28(a)(5), Ala. R.App. P., requires that arguments in briefs contain `citations to the authorities, statutes and parts of the record relied on.' (Emphasis added.) It is settled that a failure to comply with the requirements of Rule 28(a)(5) requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
"`When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research. Rule 28(a)(5); Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala.1993).'"

IV. Conclusion
The insurer and its agent have ignored the essential element of the priority of the federal-court action over the state-court action, in light of Metropolitan's defective original complaint. The insurer and its agent have failed to show a clear legal right to an order dismissing the state-court action. The petition, therefore, is denied.
PETITION DENIED.
COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
NOTES
[1] Section 6-5-440, Ala.Code 1975, provides:

"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
[2] Smelser v. Trent, 698 So.2d 1094, 1095 n. 3 (Ala.1997) ("An American Law Reports annotation states: `The doctrine of relation [back] . . . is a legal fiction invented to bridge the interval that must necessarily elapse between the death of the owner of property and the orderly appointment of a person to care for and distribute it to whosoever may be entitled to it.'"); Farmer v. Wilson, 33 Ala. 446, 447 (1859) ("This court said, in Pearson v. Darrington, 21 Ala. 169 [(1852)], that `the doctrine of relation back to a former period, is a fiction, which is often indulged in advancement of justice to sustain legal proceedings; but it is never resorted to, when the result would be to deprive a party of a clear legal right, or when it would work manifest injustice.'").