COBB, Chief Justice
(dissenting).
I would affirm the circuit court’s judgment dismissing DHSF’s claims and implicitly vacating its prior order compelling arbitration. Therefore, I respectfully dissent.
In 2001, Knight sued DHSF, alleging breach of the parties’ partnership agreement. DHSF moved to compel arbitration of Knight’s claims, and the circuit court granted that motion. Thereafter, the action languished on the circuit court’s administrative docket for eight years. During that time, DHSF made periodic status reports to the circuit court, stating that the parties were trying to agree on an arbitrator, but neither party took formal steps to initiate the arbitration process. The circuit court dismissed Knight’s action with prejudice in 2009.
In 2010, DHSF sued Knight, asserting claims that, DHSF concedes, were compulsory counterclaims in Knight’s 2001 action because they arose out of the partnership agreement that was the subject of Knight’s 2001 complaint. Contemporaneously with the filing of its complaint, DHSF moved the court to refer the case to arbitration. Although the circuit court initially granted DHSF’s motion and stayed the case pending arbitration, the circuit court later dismissed DHSF’s complaint following oral argument by the parties and the submission of post-hearing briefs, implicitly vacating its earlier order. In his post-hearing brief, Knight argued that DHSF had waived the right to arbitrate its claims by *76 its dilatory conduct in the 2001 action and, further, that its claims were barred by the applicable statutes of limitations and by DHSF’s failure to have asserted its claims as compulsory counterclaims in the 2001 action. The circuit court dismissed DHSF’s action.
The main opinion rejects Knight’s argument that the circuit court was authorized to decide whether “ ‘[DHSF’s] conduct in sitting on its hands for almost a decade before seeking arbitration of its claims constitutes a waiver of its right to arbitration,’ ” 57 So.3d at 71, because, it concludes, Knight’s allegation of waiver does not fall within the rule announced in Ocwen Loan Servicing, LLC v. Washington, 939 So.2d 6 (Ala.2006). In Ocwen, this Court stated that “whether a party has waived the right to arbitration by its conduct during litigation is a question for the court and not the arbitrator.” 939 So.2d at 14. Specifically, this Court in Ocwen held that, “[i]n order to show waiver by litigation-related conduct, the party opposing arbitration must demonstrate that the movant has substantially invoked the litigation process.... ” 939 So.2d at 14. Notwithstanding our use of the phrases “conduct during litigation” and “litigation-related conduct” in Ocwen, this Court’s later explanation, in Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601, 607 n. 1 (Ala.2009), of the reason for the rule allowing the court to decide whether a party has waived arbitration by substantially invoking the litigation process demonstrates that the court’s ability to decide questions of waiver is not limited solely to litigation-related matters. In Brasfield & Gorrie, this Court explained:
“In Alabama, the issue whether a party has substantially invoked the litigation process is a matter for the trial court to decide. This is so because invoking the litigation process involves matters that occurred before the court or under its watch.”
35 So.3d at 607 n. 1 (emphasis added). The fact that “matters [occurring] before the court or under its watch” will, more often than not, take place in the context of litigation does not mean that they must arise in that context. Brasfield & Gorrie stated the rationale more broadly to include “matters that occurred before the court or under its watch”' — that is, matters of which the trial court has knowledge because they occurred in the judicial forum and, therefore, matters the trial court is better suited to decide than is an arbitrator.
Accordingly, I disagree with the implication in the main opinion that the only waiver issue within the purview of the court is whether a party has “substantially invoked the litigation process.” A party’s substantially invoking the litigation process and a party’s doing absolutely nothing to initiate the arbitration process for eight years actually represent two sides of the same coin. Both involve alleged waivers by conduct occurring in the judicial forum that signals an intent not to insist on arbitration as the means of settling the dispute. When that conduct occurs under the trial court’s watch, as it did in Ocwen, and as it did in this case, the trial court is better suited than the arbitrator to decide whether a waiver has occurred.
It seems to me that the eight-year period during which the parties took no steps to initiate the arbitration process so far exceeds the reasonable time during which some tardiness, or even some willful delay, could still be consistent with the notion that the parties were insisting on arbitration as the means of settling their dispute that it virtually dictates the conclusion that they waived their right to arbitration. Nevertheless, the conclusion that I might reach on the facts is unimportant. What is *77 important is that the circuit court, which heard DHSF’s status reports over an eight-year period and had the opportunity to assess the bona fides of those reports, was better suited than the arbitrator to determine whether DHSF’s dilatory conduct amounted to a waiver.
Because I believe the circuit court correctly, albeit implicitly, vacated its earlier order compelling arbitration, I find no error in the circuit court’s considering the merits of Knight’s statutes-of-limitation and compulsory-counterclaim defenses. DHSF acknowledges that the contract and tort claims it asserted in the 2010 action accrued in 2000 when Knight left DHSF; it concedes that those claims are compulsory counterclaims that could have been, but were not, asserted in the 2001 action. Nevertheless, DHSF contends that the claims are not barred by the six-year statute of limitations for contracts and the two-year statute of limitations for torts because, it says, the order compelling arbitration in the 2001 action tolled the statutes of limitations — not only for Knight’s claims, but also for any potential but unas-serted counterclaims DHSF may have had against Knight in 2001 — until such time as Knight’s action was dismissed in 2009, when, DHSF says, the statutes began to run again and had not expired in 2010 when DHSF sued Knight, at which time, DHSF asserts, its claims “related back” to the time that Knight filed his complaint in 2001.
Claims asserted in a second action, however, cannot relate back to a prior action; DHSF lost the benefit of the relation-back rule when Knight’s 2001 action was dismissed with prejudice. See Ex parte Cincinnati Ins. Cos., 806 So.2d 376, 379 (Ala.2001) (stating that “[t]o effect the purpose of Rule 13, [Ala. R. Civ. P., the compulsory-counterclaim rule,] the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in any other action” (emphasis added)).
I would affirm the circuit court’s judgment in all respects; therefore, I dissent.