Huntsville West Limited Partnership ("Huntsville West") sued Bennie Hill, Jr., seeking to recover amounts it alleged it was owed pursuant to a commercial lease between it and Hill. On February 4, 2002, Huntsville West moved for a summary judgment. On February 27, 2002, Hill filed a counterclaim, seeking to be reimbursed for amounts he alleged he expended in making improvements to the premises he had leased from Huntsville West. Hill later filed an opposition to Huntsville West's motion for a summary judgment in which he addressed only the single claim argued by Huntsville West in its summary-judgment motion.
On April 24, 2002, the trial court entered an order granting Huntsville West's motion for a summary judgment. Hill appealed to the Alabama Supreme Court. That Court transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Although neither party has addressed the issue of the appellate courts' jurisdiction over this matter, the issue of jurisdiction is of such magnitude that a court may take notice of it at any time and may do so exmero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App. 1997). A final judgment is one "that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). See alsoMcCollough v. Bell, 611 So.2d 383, 385 (Ala.Civ.App. 1992) ("Any decision, order, or [judgment] of the trial court which puts an end to the proceedings between the parties to a cause in that court is final and may be reviewed on appeal."). The trial court's April 24, 2002, order did not dispose of Hill's counterclaim against Huntsville West. Therefore, the April 24, 2002, order was not a final judgment that would support an appeal. This court must dismiss this appeal as being taken from a nonfinal judgment. Bacadam Outdoor Adver., Inc. v. Kennard, 721 So.2d 226
(Ala.Civ.App. 1998).
APPEAL DISMISSED.
Yates, P.J., and Crawley and Pittman, JJ., concur. *Page 377