Brent Andre Parris appeals from the Limestone Circuit Court's order dismissing his claims against Prison Health Services, Inc. ("Prison Health"), Dr. William Hobbs, and Debbie Hunt (collectively "the defendants"). Parris is an inmate at the Limestone Correctional Facility ("the correctional facility") in Harvest; he has acted pro se throughout this action. Prison Health is an independent contractor that provides medical services at the correctional facility. Dr. Hobbs and Hunt, a registered nurse, are employed by Prison Health and oversee medical services at the correctional facility.
On June 27, 2007, Parris filed with the trial court a complaint alleging that Prison Health, Dr. Hobbs, and Hunt had denied him medical treatment after he injured his right shoulder. According to Parris, the defendants committed medical malpractice and violated the Eighth Amendment of the United States Constitution, which prohibits "cruel and unusual punishments." Parris sought compensatory damages and injunctive relief requiring the defendants to either provide or allow him to receive treatment from an orthopedic specialist. Parris attached to his complaint his affidavit, medical records, and requests for specialized treatment.[1]
On July 30, 2007, the defendants filed a motion to dismiss Parris's complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that the complaint failed to state a claim upon which relief could be granted. Among other things, the defendants argued that Parris had failed to state his medical-malpractice claims with the specificity *Page 272 
required by the Alabama Medical Liability Act, § 6-5-551, Ala. Code 1975, and that Parris's allegations of mere medical negligence or that medical professionals may have differing opinions as to the proper course of his medical treatment, were insufficient to support his claim that his Eighth Amendment rights had been violated.
The trial court granted the defendants' motion on July 31, 2007, the day after it was filed, without holding a hearing or receiving a response from Parris; the trial court did not state whether Parris had leave to file an amended complaint. On August 7, 2007, Parris filed an amended complaint and a response to the defendants' motion. On August 9, 2007, Parris filed a motion requesting the trial court to reconsider and to set aside its July 31, 2007, order. In his postjudgment motion Parris requested the opportunity to respond to the motion to dismiss, but he did not request leave to amend his complaint. On August 10, 2007, the trial court denied Parris's postjudgment motion and noted that Parris's response to the motion to dismiss was moot in light of its July 31, 2007, order. The trial court did not deny Parris leave to file his amended complaint, nor did it dismiss the amended complaint Parris had already filed. On August 28, 2007, Parris filed a notice of appeal to this court. This court transferred the case to our supreme court due to a lack of subject-matter jurisdiction; the case was then transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
 "Although neither party has addressed the issue of the appellate courts' jurisdiction over this matter, the issue of jurisdiction is of such magnitude that a court may take notice of it at any time and may do so ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App. 1997). A final judgment is one `that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.' Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). See also McCollough v. Bell, 611 So.2d 383, 385 (Ala.Civ.App. 1992) (`Any decision, order, or [judgment] of the trial court which puts an end to the proceedings between the parties to a cause in that court is final and may be reviewed on appeal.')."
Hill v. Huntsville West Ltd. P'ship, 847 So.2d 375, 376
(Ala.Civ.App. 2002) (dismissing appeal "as being taken from a nonfinal judgment" because trial court's order did not dispose of counterclaim).
Rule 78, Ala. R. Civ. P., provides, in pertinent part:
 "To expedite further its business, unless there is a request for oral hearing, the court may enter an order denying a motion to dismiss without oral hearing[2] Unless the court orders otherwise, an order granting a motion to dismiss shall be deemed to permit an automatic right of amendment of the pleading to which the motion is directed within ten (10) days from service of the order."
(Emphasis added.) In dismissing Parris's original complaint, the trial court did not expressly limit Parris's right to amend his complaint. Accordingly, under Rule 78, Parris had an automatic right of amendment for 10 days after service of the trial *Page 273 
court's July 31, 2007, order. Parris timely exercised this right to amend on August 7, 2007, when he filed his amended complaint.Contra, Guilford v. Spartan Food Sys., Inc.,372 So.2d 7, 8 (Ala. 1979) ("[Plaintiff's] failure to submit an amended complaint within the specified period coupled with his filing an appeal is a sufficient manifestation of his intention to stand on his complaint.").
Furthermore, in his postjudgment motion, Parris did not request leave to amend such that the trial court's August 10, 2007, denial of that motion could be considered a denial of his right to amend. See Hill v. Tucker, 889 So.2d 583, 586
(Ala.Civ.App. 2004) (judgment final when amended complaint was untimely and denial of post-judgment motion that specifically requested leave to amend effectively denied leave to amend). Accordingly, although Parris's original complaint was dismissed, Parris timely exercised his automatic right to amend under Rule 78. The amended complaint has not been dismissed; therefore, the trial court's order did not end the proceedings between the parties and this appeal is not taken from a final judgment. Consequently, we must dismiss the appeal.
APPEAL DISMISSED.
All the judges concur.
[1] See Rule 10(c), Ala. R. Civ. P. ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Wilson v. First Union Nat'lBank of Georgia, 716 So.2d 722, 725 (Ala.Civ.App. 1998) ("the trial court could properly consider . . . an exhibit to the complaint, in determining whether the complaint stated a valid claim[;]" conversion of the motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., to one for a summary judgment was not required).
[2] We note that our supreme court has stated:
 "It is clear that the requirements of Rule 78 differ, depending on whether the trial court contemplates granting, as opposed to denying, a motion for a final judgment. Under the plain language of the rule and the comments to the rule, a trial court may not grant a motion to dismiss without a hearing, although, in some circumstances, it may deny such a motion."
Burgoon v. Alabama State Dep't of Human Res.,835 So.2d 131, 133 (Ala. 2002).