PER CURIAM.
 

 Brent Andre Parris appeals from the trial court’s dismissal of the amended complaint, in which he sought to amend his earlier “filing,” which was captioned “Motion for Injunctive Relief (For Specialized Medical Care)” (“the initial pleading”).
 

 Parris is an inmate at Limestone Correctional Facility. In the initial pleading, he alleged that defendants Prison Health Services, Inc. (“Prison Health”), Dr. William Hobbs, and Debbie Hunt (collectively, “the defendants”) had denied him medical treatment after he had injured his shoulder playing basketball. The defendants moved for a dismissal of the action pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that the initial pleading failed to state a claim upon which relief could be granted. The trial court granted the defendants’ motion on July 31, 2007.
 

 On August 7, 2007, Parris filed an “amended complaint,” and on August 9, 2007, he filed a motion asking the court to set aside its July 31 order. The trial court denied Parris’s August 9 postjudgment motion, but it did not dismiss the amended complaint. Parris appealed. On appeal, this court concluded that because the trial court’s order dismissing the initial pleading had not expressly limited Parris’s right to amend the initial pleading, Rule 78, Ala. R. Civ. P., provided Parris with an “automatic right of amendment” within ten days after service of the trial court’s order dismissing his initial pleading.
 
 Parris v. Prison Health Servs., Inc.,
 
 991 So.2d 270, 272-73 (Ala.Civ.App.2008). This court held that Parris had timely exercised his right to amend; therefore, because the timely amended complaint was still pending in the trial court, this court dismissed the appeal as being from a nonfinal judgment.
 
 Id.
 
 at 273.
 

 
 *110
 
 Thereafter, on April 4, 2008, the defendants filed a motion to dismiss the amended complaint pursuant to Rules 8(a) and 12(b)(6), Ala. R. Civ. P, asserting that Par-ris had again failed to state a claim for which relief could be granted. On April 7, 2008, the trial court entered an order dismissing Parris’s amended complaint. The record does not indicate that Parris filed a postjudgment motion. The case-action summary shows that on May 27, 2008, some 50 days after the trial court entered its order dismissing the amended complaint, Parris filed his notice of appeal. The defendants contend that Parris’s notice of appeal was untimely because it was filed eight days after the expiration of the 42-day period in which Parris had to timely file the notice of appeal.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. (requiring appeals to be filed within 42 days of the entry of judgment).
 

 In the case of an inmate’s filing a notice of appeal, the date the notice is filed in the court clerk’s office is not necessarily controlling. In
 
 Houston v. Lack,
 
 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court held that a pro se prisoner-litigant’s notice of appeal was deemed filed on the day that the notice was accepted by the prison mail system and not when it arrived at the court clerk’s office. The Alabama Supreme Court adopted this rule, known as the “mailbox rule,” in
 
 Ex parte Williams,
 
 651 So.2d 569 (Ala.1992), in which the court held that a pro se prisoner-litigant’s petition for a writ of certiorari directed to the Alabama Court of Criminal Appeals under Rule 25, Ala. R.App. P., was timely filed on the date that the petition was delivered to the prison officials for mailing. The “mailbox rule” governs as to the time of filing of the pro se prisoner-litigant’s notice of appeal in both criminal and civil cases.
 
 See Ex parte Jones,
 
 773 So.2d 989 (Ala.1998) (inmate’s notice of appeal was deemed filed on the date he gave it to prison authorities for mailing);
 
 Veteto v. Yocum,
 
 793 So.2d 814 (Ala.Civ.App.2001) (extending to civil cases the rule that a pro se prisoner-litigant’s notice of appeal is deemed filed when that document is delivered to a prison official for mailing).
 

 The “mailbox rule” was incorporated into Rule 4(c), Ala. RApp. P., which states:
 

 “(c) Appeals by Inmates Confined in Institutions. If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution’s internal mail system on or before the last day for filing. If an institution has a system designed for ‘legal’ mail to be processed by the United States Post Office, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution’s mail system.”
 

 The defendants claim that to take advantage of the “mail box” rule Parris’s filing “must” contain a notarized statement setting forth the date he placed his notice of appeal in the prison’s mail system. The Alabama Supreme Court has held otherwise, however.
 

 “While Rule 4(c), Ala. RApp. P., includes a provision that ‘[tjimely filing
 
 may
 
 be shown by a notarized statement that sets forth the date the filing was deposited in the institution’s mail system’ (emphasis added), this rule does not mandate such a notarized statement as the only way to establish the timeliness of a filing. Such a mandate would create still further issues about the availability and expense of a notary public that the rule is not drawn to resolve. The nonmandatory nature of the provi
 
 *111
 
 sion for the notarized statement is connoted by the use of the word
 
 may
 
 in contradistinction to the use of the word
 
 must
 
 elsewhere in the very same rule to connote a measure that
 
 is
 
 mandatory— the inmate’s use of the ‘legal’ mail system, if one is available in the institution, instead of the general mail system there.”
 

 Ex parte Wright,
 
 860 So.2d 1253, 1257 (Ala.2002).
 

 In this case, the unverified certificate of service on Parris’s notice of appeal states that the notice was placed in the “U.S. Mail” on May 8, 2008. There is no evidence in the record as to when Parris delivered his notice of appeal to the prison’s mail system. In his reply brief, Par-ris claims that he filed his notice of appeal with the circuit clerk and simultaneously filed a copy of his notice of appeal with this court. The records of this court tend to support Parris’s claim. On May 19, 2008, which would have been the 42nd day after the order dismissing the amended complaint was entered, this court sent a letter to Parris returning his notice of appeal and informing him of the proper forum in which to file his notice of appeal. If Parris did file his notice of appeal simultaneously in this court and in the circuit court, then the notice had to have been delivered in a timely manner to the prison mail system because the notice had reached this court by the 42nd day after the entry of the order from which Parris appealed.
 

 In
 
 Ex parte Wright,
 
 supra, the Alabama Supreme Court noted that “the filing of [Wright’s] notice of appeal in the court required no judicial action” and that the parties did not contest the timeliness of the notice of appeal before the trial court.
 
 Wright,
 
 860 So.2d at 1257. In reversing the Court of Criminal Appeals’ judgment dismissing Wright’s appeal for untimeliness, the supreme court pointed out that the Court of Criminal Appeals had been the first court to have the opportunity to consider the timeliness of Wright’s appeal, and that there had been no evidence before it to contradict the averments in Wright’s “Declaration of Mailing,” which, if true, established that his notice of appeal was timely under the mailbox rule. Therefore, the supreme court remanded the cause with instructions for the trial court to determine whether Wright had timely deposited his notice of appeal in the internal mail system of the prison.
 
 Id.
 

 The record in this case indicates that this court is the first to consider the timeliness of Parris’s notice of appeal. The certificate of service included with Parris’s notice of appeal indicates that he “mailed” the notice on May 8, 2008, within the time allowed by law for the filing of a notice of appeal in this case. The letter to Parris from the clerk of this court returning his notice of appeal is dated on the last date that a filing of the notice of appeal would have been timely; thus, the letter suggests that Parris’s notice was placed in the prison mail system in a timely manner. However, we cannot verify that Parris delivered his notice of appeal to the prison mail system by May 19, 2008, the day on which the period for filing his notice lapsed. As was the case with the Court of Criminal Appeals in
 
 Ex parte Wright,
 
 this court has no evidence before it to contradict Parris’s assertion. Accordingly, on the authority of
 
 Ex parte Wright
 
 and the cases cited therein, we must remand this cause for the trial court to determine, as expeditiously as possible, whether Parris did in fact deposit his notice of appeal in the appropriate prison mail system or hand the notice of appeal to an appropriate officer of the prison for that officer to make the deposit in the mail on or before May 19, 2008. On remand, the trial court may conduct such proceedings and take such
 
 *112
 
 evidence as it deems necessary to make its findings of fact. A written return to remand, including the trial court’s findings of fact, shall be filed with this court as expeditiously as possible.
 

 REMANDED WITH INSTRUCTIONS.
 

 All the judges concur.
 

 On Return from Remand
 

 PER CURIAM.
 

 On March 13, 2009, this court remanded this cause for the trial court to take evidence and to make findings of fact regarding whether Brent Andre Parris, an inmate at Limestone Correctional Facility (“the prison”), had timely deposited his notice of appeal in the appropriate prison mail system. Pursuant to this court’s directive, the trial court returned a detailed order containing findings of fact and conclusions of law and determining that, based on the evidence presented to the trial court, Parris had failed to establish that he had timely and proeedurally complied with Rule 4(c), Ala. R.App. P. Therefore, the trial court found, Parris’s appeal was untimely filed.
 

 A full procedural history of this matter appears in
 
 Parris v. Prison Health Services, Inc.,
 
 68 So.3d 108 (Ala.Civ.App. 2009). As to the procedural history pertinent to this matter, the record indicates that on April 7, 2008, the trial court entered an order dismissing Parris’s amended complaint against defendants Prison Health Services, Inc. (“Prison Health”), Dr. William Hobbs, and Debbie Hunt (hereinafter referred to collectively as “the defendants”).
 
 [1]
 

 As this court stated in
 
 Parris:
 

 “The record does not indicate that Par-ris filed a postjudgment motion. The case-action summary shows that on May 27, 2008, some 50 days after the trial court entered its order dismissing the amended complaint, Parris filed his notice of appeal. The defendants contend that Parris’s notice of appeal was untimely because it was filed eight days after the expiration of the 42-day period in which Parris had to timely file the notice of appeal.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. (requiring appeals to be filed within 42 days of the entry of judgment).
 

 “In the case of an inmate’s filing a notice of appeal, the date the notice is filed in the court clerk’s office is not necessarily controlling. In
 
 Houston v. Lack,
 
 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court held that a pro se prisoner-litigant’s notice of appeal was deemed filed on the day that the notice was accepted by the prison mail system and not when it arrived at the court clerk’s office. The Alabama Supreme Court adopted this rule, known as the ‘mailbox rule,’ in
 
 Ex parte Williams,
 
 651 So.2d 569 (Ala.1992), in which the court held that a pro se prisoner-litigant’s petition for a writ of certiorari directed to the Alabama Court of Criminal Appeals under Rule 25, Ala. R.App. P., was timely filed on the date that the petition was delivered to the prison officials for mailing. The ‘mailbox rule’ governs as to the time of filing of the pro se prisoner-litigant’s notice of appeal in both criminal and civil cases.
 
 See Ex parte Jones,
 
 773 So.2d 989 (Ala.1998) (inmate’s notice of appeal was deemed filed on the date he gave it to prison authorities for mailing);
 
 Veteto v. Yocum,
 
 793 So.2d 814 (Ala.Civ.App.2001) (extending to civil
 
 *113
 
 cases the rule that a pro se prisoner-litigant’s notice of appeal is deemed filed when that document is delivered to a prison official for mailing).”
 

 Parris,
 
 68 So.3d at 110. Rule 4(c), Ala. R.App. P., provides as follows:
 

 “If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution’s internal mail system on or before the last day for filing. If an institution has a system designed for ‘legal’ mail to be processed by the United States Post Office, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution’s mail system.”
 

 The date that Parris mailed his notice of appeal to the trial court is crucial because, if the mailing was untimely, this court does not have jurisdiction to consider this appeal. “[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.”
 
 Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App. 2006). To have timely filed his notice of appeal in this case, Parris had to have placed his notice of appeal to the Limestone Circuit Court in the prison’s internal mail system by May 19, 2008. The unverified certificate of service on Parris’s notice of appeal states that the notice was placed in the “U.S. Mail” on May 8, 2008. However, initially, there was no sworn evidence in the record regarding when Parris delivered his notice of appeal to the prison’s mail system. Because this court was unable to determine the timeliness of Parris’s mailing, the cause was remanded to the trial court for it to take evidence on the issue.
 

 In its findings of fact in the order it entered on remand, the trial court stated that, according to the affidavit of Lt. John Romine, who apparently worked at the prison, “there appeared] to be no log or record” indicating that Parris attempted to deposit his notice of appeal within the prison mail system. In his affidavit, Lt. Ro-mine stated that it was the prison’s policy to log an inmate’s “legal mail” when the inmate requested stamps for such mail, but, he said, the person who kept the log during the time in question no longer works for the Department of Corrections, and prison officials could not locate the log. The court further found that, “[ajlterna-tively, inmates can stamp their own legal mail using their own stamp and such mailings would not have been logged by the mailroom clerk.” The trial court noted that Parris had submitted no evidence indicating that he had used that “alternative” method to mail his notice of appeal in this case. Instead, the trial court said, Parris claimed to have dropped his notice of appeal into the prison “legal mail” mailbox. However, the trial court added, Par-ris had also claimed to have submitted letters to the circuit clerk’s office, and “the record is undisputed that no such letters were sent to the Clerk’s office, casting doubt on Parris’s testimony concerning mailings.”
 

 Kelly Sandy, a clerk in the Limestone County Circuit Clerk’s office, submitted an affidavit indicating that the clerk’s office did not receive letters that Parris claimed to have sent inquiring into the status of his case and informing the clerk of his desire to appeal. Sandy said that if the clerk’s office had received such letters from Par-ris, they would have been included in the official record; the trial court stated that the letters do not appear in the record.
 

 Moreover, although Rule 4(c) provides that “[tjimely filing may be shown by a
 
 *114
 
 notarized statement that sets forth the date the filing was deposited in the institution’s mail system,” Parris provided no such statement. The trial court concluded that, based upon the evidence before it, Parris had failed to show that he had timely and procedurally complied with Rule 4(c); thus, his notice of appeal to the Limestone Circuit Court was untimely.
 

 Parris appears to have failed to avail himself of the mechanism provided for in Rule 4(c) — a notarized statement setting forth the date on which the notice of appeal was placed in the prison mailing system — which would prove that his notice of appeal was timely mailed. Our review of the record indicates that no evidence was presented that would indicate that the notice of appeal was timely mailed. On the other hand, the evidence is undisputed that the notice of appeal was filed in the circuit clerk’s office on May 27, 2008, more than a week after the May 19, 2008, deadline for filing a timely notice of appeal. Accordingly, based upon the record before us, we must conclude that Parris’s appeal is untimely.
 

 Because Parris’s appeal is untimely, this court has no jurisdiction, and the appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . In that complaint, Parris alleged that the defendants had denied him medical treatment after he had injured his shoulder playing basketball.