MOORE, Judge.
Ida Jennings-Jones (“the lessee”) appeals from a judgment of the Montgomery Circuit Court (“the circuit court”) that affirmed a judgment of the Montgomery District Court (“the district court”) in favor of Ruth DeRamus (“the lessor”) in the lessor’s ejectment action against the lessee. We dismiss the appeal as having been taken from a void judgment.

Procedural History

The lessor filed a complaint against the lessee in the district court, demanding the right to possession of certain real property as a result of the lessee’s failure to pay rent. The lessor also sought an award of $525 for unpaid rent, plus court costs and other charges that had accrued. The lessee filed an answer to the complaint, asserting that the property was uninhabitable. The lessee later filed a counterclaim, asserting that the lessor had breached the rental agreement and had illegally evicted the lessee.
Following a hearing on March 31, 2014, the district court entered a judgment on that same date in favor of the lessor for possession of the property, ordering the lessee to vacate the property within seven days of the entry of the judgment and setting a hearing on the matter of damages. The damages hearing was held on July 21, 2014, and, on that same date, the district court entered a judgment in favor of the lessor in the amount of $1,000, plus court costs. Although the district court did not specifically address the lessee’s counterclaims against the lessor in its judgment, that judgment was final because the holdings of the district court indicate that it implicitly denied the counterclaims. See Kennedy v. Boles Invs., Inc., 53 So.3d 60, 68-69 (Ala.2010).
On August 4, 2014, the lessee filed her notice of appeal-to the circuit court, accompanied by an affidavit of substantial hardship, which was approved by the district court. Following a hearing, the circuit court entered a judgment on May 1, 2015, in favor of the lessor, affirming the district court’s judgment. The lessee then filed her notice of appeal to this court;

Discussion

Although neither party has raised the issue of subject-matter jurisdiction,
“[i]t is well settled that ‘subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’ C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003); see, e.g., Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001) (“We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us.’). A judgment entered by a court that lacks subject-matter jurisdiction is void. See C.J.L., 868 So.2d at 454; see also J.B. v. A.B., 888 So.2d 528 (Ala.Civ.App.2004).”
S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005).
The parties’s claims were subject to the provisions of the Alabama Uniform Residential Landlord and Tenant Act (“the Act”), § 35-9A-101 et seq., Ala.Code 1975. Section 35-9A-461(d), Ala.Code 1975, which addresses a landlord’s- action for eviction, rent, monetary damages, or other relief, provides, in pertinent part, that “any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof.” In Ex parte *76 Brown, 83 So.3d 512 (Ala.2011), our supreme court held that Rule 6(a), Ala. R. Civ. P., applies to § 35-9A-461(d) so that intervening weekends and legal holidays are not included when computing the number of days for taking an appeal; however, § 35-9A-141(3), Ala.Code 1975, now controls, and it defines “day” as a
“calendar day, notwithstanding Rule 6 of the Alabama Rules of Civil Procedure; however, in any case where the application of a time period in [the Act] consisting of a specific number of days results in the last day of that time period falling on a weekend or an official holiday, then the last day of that time period shall be considered the next official business day when the court is open.”
Additionally, Ala.Code 1975, § 6-6-350, which addresses appeals to circuit court from district court in actions alleging unlawful detainer, provides that a party may appeal from a judgment entered against him or her by a district court to the circuit court “at any time within seven days after the entry thereof.” In Ex parte Brown, 83 So.3d at 515, our supreme court stated; in pertinent part, that “[t]he Alabama Comment to § 35-9A-461[, Ala.Code 1975,] confirms that ‘[t]he Unlawful Detainer [Article], Ala.Code [1975], § 6-6-310 et seq,’ — which includes § 6-6-350[, Ala.Code 1975] — ‘is amended [by this section].”’ Thus, for purposes of the present appeal, the computation of the period referred to in § 35-9A-461(d) and the computation of the period referred to in § 6-6-350 are not inconsistent.
In the present ease, the district court’s judgment was entered on July 21, 2014. The lessee filed her notice of appeal to the circuit court on August 4, 2014, 14 days after the entry of the district court’s judgment. Because the lessee did not timely file her notice of appeal to the circuit court, the circuit court did not acquire subject-matter jurisdiction over the appeal and the circuit court’s judgment purporting to dispose of that appeal is void. See MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala.2011). “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss the lessee’s appeal, albeit with instructions to the circuit court to vacate its May 1, 2015, judgment purporting to affirm the district court’s judgment,
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur,