MOORE, Judge.
*440 Ivan Phillips appeals from a summary judgment entered by the Shelby Circuit Court ("the circuit court"), concluding that his claims against Nick Montoya were barred by the doctrine of res judicata. We affirm the circuit court's judgment.
Facts and Procedural History
On September 29, 2016, Phillips filed in the circuit court a complaint against Montoya, alleging claims of negligence, wantonness, breach of contract, misrepresentation, breach of express warranty, breach of implied warranty, and slander of title ("the circuit-court action"). Phillips attached several exhibits to his complaint. On September 30, 2016, Phillips filed an amended complaint alleging those same claims against Montoya. On October 31, 2016, Montoya answered the amended complaint.
On November 21, 2016, Montoya filed a motion to dismiss or, in the alternative, for a summary judgment; Montoya argued that Phillips's claims were barred by the doctrine of res judicata because, he said, those claims had been adjudicated in a previous judgment entered by the Shelby District Court ("the district court") in case no. DV-2015-900469 ("the district-court action"). Montoya attached evidentiary materials in support of his motion, which indicate that, in the district-court action, Montoya filed a complaint on or about June 23, 2015, against Phillips and his wife, April Phillips; that the Phillipses asserted counterclaims against Montoya based on negligence, wantonness, breach of contract, misrepresentation, breach of express warranty, breach of implied warranty, and slander of title; that the Phillipses failed to appear for the trial in the district-court action; and that, on November 19, 2015, the district court entered a default judgment against the Phillipses and awarded Montoya damages in the amount of $9,502.50, plus court costs.
On January 17, 2017, Phillips responded to Montoya's motion to dismiss or, in the alternative, for a summary judgment in the circuit-court action. On January 19, 2017, Montoya filed a reply to Phillips's response. On January 24, 2017, Phillips filed a supplemental response to Montoya's motion. Thereafter, on February 7, 2017, the circuit court entered a judgment dismissing Phillips's case.
Because Montoya's motion to dismiss or, in the alternative, for a summary judgment was based entirely on the defense of res judicata and depended on the submission of the filings from the district-court action, we conclude that the circuit court must have relied on those materials in deciding to dismiss the case. Furthermore, those materials were not attached to Phillips's complaint. Therefore, Montoya's motion should have been treated as a summary-judgment motion, and we will review the circuit court's judgment using the corresponding standard of review applicable to a summary judgment. See, e.g., Ex parte Price, 244 So.3d 949 (Ala. 2017) ; and Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 792-93 (Ala. 2007).
On March 2, 2017, Phillips filed a postjudgment motion; that motion was denied on April 11, 2017. On April 28, 2017, Phillips filed his notice of appeal to this court.[1]
Standard of Review
*441 " 'We review this case de novo, applying the oft-stated principles governing appellate review of a trial court's grant or denial of a summary judgment motion:
" ' "We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. 'Substantial evidence' is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw." '
" American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786, 790 (Ala. 2002) (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala. 2000) (citations omitted))."
General Motors Corp. v. Kilgore, 853 So.2d 171, 173 (Ala. 2002).
Discussion
On appeal, Phillips argues that the circuit court erred in entering a summary judgment in favor of Montoya on the basis of the doctrine of res judicata.
"Res judicata is a judicially created doctrine that precludes the relitigation of matters that have been adjudicated or that could have been adjudicated in the prior action. Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507 (Ala. 2002). The elements of res judicata are ' "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." ' Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998) )."
Ex parte Chesnut, 208 So.3d 624, 635 (Ala. 2016).
Phillips specifically argues that the first element of the doctrine of res judicata was not met because, he says, a default judgment is not a judgment on the merits. We note, however, that our supreme court has held that a default judgment constitutes a "prior judgment on the merits" for purposes of res judicata. See McDonald v. U.S. Die Casting & Dev. Co., 628 So.2d 433, 433-34 (Ala. 1993). Therefore, we find no error on this point.
Phillips also argues that the first element of the doctrine of res judicata was not met because, he says, the Phillipses' counterclaims in the district-court action were not specifically adjudicated by the district court in the default judgment. When the holdings in a judgment entered by a trial court indicate that the court implicitly denied a counterclaim, that judgment will be deemed final. Jones v. DeRamus, 199 So.3d 74, 75 (Ala. Civ. App. 2015) ; and Horton v. Perkins, 17 So.3d 235, 237 n.2 (Ala. Civ. App. 2009). For example, although a counterclaim is not expressly denied, it will be deemed implicitly denied when a judgment in full is entered for the plaintiff. Roberts v. Security Trust & Sav. Bank of Brilliant, 470 So.2d 674, 675 (Ala. 1985). Furthermore, our supreme court has held that claims seeking money damages for trespass asserted by both a plaintiff and a defendant were implicitly denied when the judgment entered established a *442 boundary line but did not award any money damages. Hingle v. Gann, 368 So.2d 22, 23-24 (Ala. 1979). Additionally, this court has held that when a trial court awards no damages on a claim, that claim is implicitly denied. Ervin v. Stackhouse, 64 So.3d 666, 672 (Ala. Civ. App. 2010).
Based on the foregoing, we conclude that a default judgment entered against a defendant based on his or her nonappearance at trial, such as the November 19, 2015, default judgment entered against the Phillipses in the district-court action, sufficiently indicates the implicit denial of any pending counterclaim. Therefore, we deem the November 19, 2015, default judgment in the district-court action to be a final judgment on the merits as to all the claims asserted in that action. See Jones v. DeRamus, 199 So.3d at 75. See also, e.g., Connecticut Nat'l Bank v. Oxenhandler, 30 Conn. App. 541, 545-46, 621 A.2d 300, 302 (1993) ("The judgment rendered for failure to appear for trial implicitly included a judgment for the plaintiffs on the defendants' counterclaim. By their failure to appear for trial, the defendants forfeited their rights to defend against the plaintiffs' complaint and to prosecute any cause of action they may have had arising from their counterclaim."). Because the Phillipses' counterclaims in the district-court action were implicitly denied, the first element of the doctrine of res judicata was met.
Phillips also argues that the second element of the doctrine of res judicata was not met because, he says, the district court lacked subject-matter jurisdiction over the district-court action because, he asserts, the Phillipses' counterclaims involved damages in excess of the district court's jurisdictional limits. We note, however, that the Phillipses' counterclaims in the district-court action requested unspecified damages. If the Phillipses intended to claim damages in excess of the jurisdictional limits of the district court, they were not required to bring their claims in the district-court action; instead, they could have asserted their claims in a separate action in the circuit court. See, e.g., Ex parte Moody, 620 So.2d 28, 30 (Ala. Civ. App. 1993) ("[A]lthough [a] counterclaim might otherwise be compulsory, [a defendant is] not required to assert his counterclaim in [a district court] action ... if he intend[s] to request damages 'beyond the jurisdiction of the district courts.' " (quoting Rule 13(dc), Ala. R. Civ. P., which, at the time, modified Rule 13(a)(4), Ala. R. Civ. P. There no longer is a Rule 13(a)(4) )). Because the Phillipses did not request damages outside the jurisdictional limits of the district court, we cannot conclude that the district court lacked jurisdiction over their counterclaims.
Phillips also argues that the district court erred in not setting aside the default judgment after weighing the factors set forth in Kirtland v. Fort Morgan Authority Sewer Services, Inc., 524 So.2d 600, 604 (Ala. 1988). However, the summary judgment entered in the circuit-court action is the judgment under review in this appeal; the propriety of the default judgment in the district-court action is not properly before us. Therefore, we will not address this issue.
Finally, Phillips proceeds to argue the merits of his claims. Because we have concluded that the summary judgment was properly entered on the basis of the doctrine of res judicata, we decline to discuss the merits of Phillips's claims.
Conclusion
Because Phillips has failed to submit any arguments warranting reversal of the summary judgment, we affirm the circuit *443 court's summary judgment in favor of Montoya.
AFFIRMED.
Pittman and Donaldson, JJ., concur.
Thomas, J., concurs specially.
Thompson, P.J., dissents, with writing.
Although I find the district court's default judgment to be vague and although the better course would be for judgments disposing of all the claims in an action to so state in a clear and unambiguous manner, I agree that, in the district-court action, the entry of the default judgment in favor of Nick Montoya served to dispose of the compulsory counterclaims asserted by Ivan Phillips in response to Montoya's complaint. See Caplis v. Caplis, 321 Mont. 450, 460, 91 P.3d 1282, 1289 (2004) ("The default judgment entered on the issues raised in the plaintiffs' complaint also serves to settle any compulsory counterclaims that arise out of the transaction or occurrence that is the subject matter of the plaintiffs' suit."). Thus, I concur in the main opinion.
I disagree with the main opinion's conclusion that, in entering a default judgment, the Shelby District Court ("the district court") implicitly denied the seven-count counterclaim that Ivan Phillips and April Phillips asserted against Nick Montoya in the district-court action. As discussed below, I do not believe the default judgment entered by the district court resolved the counterclaim, and, therefore, in my opinion, the default judgment was not final. Thus, because I believe the summary judgment entered by the Shelby Circuit Court ("the circuit court"), which was based on the doctrine of res judicata, should be reversed, I respectfully dissent.
The record reveals that on June 23, 2015, Montoya filed a complaint against the Phillipses in the district court seeking payment for work he had done at their house. The record on appeal shows that on October 7, 2015, the Phillipses filed an amended answer to the complaint and a seven-count counterclaim alleging negligence, wantonness, breach of contract, misrepresentation, breach of express warranty, breach of implied warranty, and slander of title.[2] The counterclaim did not set forth the amount of damages the Phillipses were seeking. On October 19, 2015, the district court entered an order scheduling the trial for November 19, 2015.
On November 4, 2015, the attorney for the Phillipses filed a motion to withdraw, explaining that he was leaving his current law firm and joining another. The motion stated that allowing the withdrawal would not cause a material adverse effect on the Phillipses and that "substitute" counsel would be entering an appearance "in the near future." The motion then requested that the Phillipses "be allowed 30 days in which to obtain new counsel." The same day, November 4, 2015, the district court entered a one-sentence order stating that the motion to withdraw was granted. The order, a copy of which appears in the record on appeal in this case, did not mention the trial scheduled for November 19, 2015, nor did it mention that the Phillipses had requested 30 days to obtain a new attorney, which would have required a delay of the scheduled trial.
*444 On November 19, 2015, the district court entered an order stating that the matter was called for trial and that the Phillipses had "failed to appear to plead or otherwise defend" (emphasis added). The order did not mention the Phillipses' counterclaims. The plain language of the district court's order appears not to recognize that the Phillipses had answered Montoya's complaint and had filed a counterclaim in response. The district court then entered a default judgment against the Phillipses in the amount of $9,502.50. To support his assertion that Ivan Phillips's subsequent action in the circuit court was precluded by the doctrine of res judicata, Montoya provided only the district court's November 19, 2015, order.[3]
The November 19, 2015, order failed to rule on the counterclaims, and, therefore, no final judgment was entered in the district-court action. "A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala. Civ. App. 1987)." Faulk v. Rhodes, 43 So.3d 624, 625 (Ala. Civ. App. 2010). "A final judgment is one that completely adjudicates all matters in controversy between all the parties. See McCollough v. Bell, 611 So.2d 383 (Ala. Civ. App. 1992)." Eubanks v. McCollum, 828 So.2d 935, 937 (Ala. Civ. App. 2002). See also Knoedler v. Blinco, 50 So.3d 1047, 1050 (Ala. 2010) (trial court's summary-judgment order left one party's counterclaim pending; therefore, the summary judgment was not a final judgment); and Hill v. Huntsville West Ltd. P'ship, 847 So.2d 375, 376 (Ala. Civ. App. 2002) (holding that because the trial court's order did not dispose of the defendant's counterclaim, the "order was not a final judgment that would support an appeal").
The main opinion concludes that the district court implicitly denied the Phillipses' counterclaim when it entered the default judgment in favor of Montoya. In support of that position, the main opinion relies on several cases in which this court has deemed counterclaims as having been denied when a judgment has been entered in favor of the opposing party after an evidentiary hearing, Jones v. DeRamus, 199 So.3d 74 (Ala. Civ. App. 2015) ; Horton v. Perkins, 17 So.3d 235 (Ala. Civ. App. 2009), or in response to a motion for a summary judgment, after the parties had an opportunity to present evidence in support of their claims, Roberts v. Security Trust & Sav. Bank of Brilliant, 470 So.2d 674, 675 (Ala. 1985). Furthermore, in Roberts, our supreme court held that, because the trial court had entered a judgment in full for Security Trust and Savings Bank, that judgment had implicitly denied the counterclaim. Id. See also Potter v. Owens, 535 So.2d 173, 174 (Ala. Civ. App. 1988) (discussing the holding in Roberts ). In each of those cases, the trial court had had an opportunity to consider the evidence presented by the parties on their respective claims and counterclaims. Under those circumstances, a judgment entered entirely in favor of one party necessarily meant that the trial court had rejected the claims of the other party. In such instances, the failure to mention counterclaims in the judgment clearly constitutes an implicit denial of those counterclaims. The same rationale holds true in cases in which monetary damages are not awarded in connection with a boundary-line dispute when an evidentiary hearing has been held, Hingle v. Gann, 368 So.2d 22, 23-24 (Ala. 1979), or when damages are not awarded as to one claim that is referenced in the judgment. Ervin v. Stackhouse, 64 So.3d 666, 671-72 (Ala. Civ. App. 2010). (Furthermore, in Stackhouse, 64 So.3d at 671, this court *445 concluded that the claim for which the trial court did not award damages "was not actionable in damages" and this court deemed the claim implicitly denied.)
In contrast, in this case, Montoya bases his res judicata argument on a default judgment that the district court entered solely on Montoya's complaint and the evidence he presented in support of the claim asserted in that complaint. Unlike the Alabama cases cited in the main opinion, the Phillipses' counterclaim was not litigated before the district court. In a similar situation involving the issue of whether a default judgment that did not specifically address all the issues was a final judgment, the Supreme Court of Texas compared cases in which a judgment had been entered after a trial had been held and cases that were decided in a summary judgment and held:
"In determining whether a judgment is final, different presumptions apply depending on whether the judgment follows a conventional trial on the merits or results from default or a motion for summary judgment. Following a conventional trial on the merits, the judgment is presumed final. This is the rule from North[ E]ast Independent School District v. Aldridge, 400 S.W.2d 893, 898 (Tex. 1966) :
" 'When a judgment ... is rendered and entered in a case regularly set for a conventional trial on the merits, ... it will be presumed for appeal purposes that the court intended, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.... Of course, the problem can be eliminated entirely by ... a simple statement that all relief not expressly granted is denied.'
"However, the Aldridge presumption does not apply to summary judgments or default judgments. Teer v. Duddlesten, 664 S.W.2d 702, 704 (Tex. 1984) ; Baker v. Hansen, 679 S.W.2d 480, 481 (Tex. 1984) ; PHB, Inc. v. Goldsmith, 539 S.W.2d 60 (Tex. 1976) ; Dickerson v. Mack Financial Corporation, 452 S.W.2d 552, 554-55 (Tex. Civ. App.-Houston [1st Dist.] 1969, writ ref'd n.r.e.) ; Peeples, Trial Court Jurisdiction and Control over Judgments, 17 St. Mary's L.J. 367, 376 (1986)."
Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986). Referring to Houston Health Clubs and several of the cases cited therein, the Supreme Court of Texas more recently held that, "[i]f a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated." Chase Manhattan Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990).
Moreover, research revealed no Alabama caselaw addressing a case in which a default judgment was entered without disposing of or mentioning a counterclaim. The main opinion cites a Connecticut case, Connecticut National Bank v. Oxenhandler, 30 Conn. App. 541, 621 A.2d 300 (1993), which stated, without citation to any authority, that a "judgment rendered for failure to appear for trial implicitly included a judgment for the plaintiffs on the defendants' counterclaim." 30 Conn. App. at 545, 621 A.2d at 302. The Connecticut court reasoned, again without citation to authority, that, by failing to appear, the defendants had "forfeited their rights ... to prosecute any cause of action they may have had arising from their counterclaim." 30 Conn. App. at 545-46, 621 A.2d at 302. My research has indicated that no other court, including Connecticut courts, has ever applied this holding.
I would adopt the holdings of the Texas cases previously mentioned. In the case of *446 a default judgment, I do not believe that we can assume, as the main opinion does, that the denial of the Phillipses' counterclaim was implicit in the district court's default judgment, which did not mention the counterclaim. Rather than make such an assumption, I believe this court must consider only what the district court actually did in its judgment.
I also am not persuaded by the assertion in the special concurrence that the default judgment impliedly denied the counterclaims because they were compulsory. To the extent that the Phillipses' counterclaims were compulsory, there is no question that Phillips has raised the identical counts in the circuit court and has endeavored to protect his right to have those issues considered.[4] My research has revealed no Alabama authority supporting the proposition that the default judgment entered in favor of Montoya based on the district court's mistaken belief that the Phillipses had failed to plead or otherwise defend against Montoya's action necessarily requires a determination that the Phillipses' counterclaims were denied. Indeed, as mentioned above, our appellate courts have held that when a counterclaim is not disposed of in a judgment, it remains pending and the judgment cannot be considered final. See Knoedler, supra, and Hill, supra.
For the reasons set forth above, I disagree that the Phillipses' counterclaims pending before the district court were implicitly denied in the district court's default judgment in favor of Montoya in his action against the Phillipses.
"Res judicata is a judicially created doctrine that precludes the relitigation of matters that have been adjudicated or that could have been adjudicated in the prior action. Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507 (Ala. 2002). The elements of res judicata are ' "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." ' Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998) )."
Ex parte Chesnut, 208 So.3d 624, 635 (Ala. 2016). Because there is no evidence in the record demonstrating that the district court ruled on the Phillipses' counterclaims, Montoya is unable to satisfy the first element necessary to prevail on a defense of res judicata, that is, he cannot demonstrate that a judgment on the merits had been entered in a prior action.
Furthermore, because the record before us indicates that the default judgment entered by the district court was not final, that action may in fact still be pending. Section 6-5-44, Ala. Code 1975, prohibits simultaneous actions in the courts of this state for the same cause against the same parties. See Ex parte Brooks Ins. Agency, 125 So.3d 706, 709 (Ala. 2013). Accordingly, I would reverse the circuit court's judgment, remand the cause to the circuit court for it to determine the status of the *447 district-court action, and then proceed accordingly.

Because it appears from the pleadings that the amount in controversy does not exceed $50,000, we conclude that we have appellate jurisdiction over this appeal. Ala. Code 1975, § 12-3-10 ; see also Kirk v. Griffin, 667 So.2d 1378, 1380 (Ala. Civ. App. 1995).

The Phillipses' original answer in the district-court action is not contained in the record on appeal.

April Phillips was not a plaintiff in the circuit-court action.

" 'A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.' Committee Comments on 1973 adoption of Rule 13, ¶ 6. Under the logical-relationship standard, a counterclaim is compulsory if '(1) its trial in the original action would avoid a substantial duplication of effort or (2) the original claim and the counterclaim arose out of the same aggregate core of operative facts.' Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala. 1988) (quoting Brooks v. Peoples Nat'l Bank of Huntsville, 414 So.2d 917, 919 (Ala. 1982) )."
Ex parte Cincinnati Ins. Cos., 806 So.2d 376, 380 (Ala. 2001).